23-mj-2050-MJM

✓ FILED   ___ ENTERED
___ LOGGED   ___ RECEIVED

11:12 am, Aug 10 2023
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT
### FILED UNDER SEAL

Your Affiant, Victoria Brown, being duly sworn, deposes and states the following:

### AFFIANT'S TRAINING AND EXPERIENCE

1. I am a Deportation Officer with the Department of Homeland Security's Immigration and Customs Enforcement (ICE). I have been employed as a Deportation Officer since September 2021. In that capacity, I investigate civil and criminal offenses pertaining to United States immigration law. I am a graduate of the U.S. Immigration and Customs Enforcement Academy, Basic Immigration Enforcement Training Program. I am currently assigned to the Criminal Alien Program (CAP) Unit, as well as the Enforcement and Removal Operations (ERO) Criminal Prosecutions Unit in the Baltimore Field Office. I regularly participate in trainings related to immigration law and enforcement and have completed numerous immigration investigations regarding Reentry After Removal.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, documents, and witnesses.

3. Through training, knowledge, and experience, your Affiant knows that electronic devices like cellular phones often store location data and attribution evidence that demonstrate where a user was living, working, and traveling. Cellular phones frequently contain photographs, emails, web searches, map searches, and limited GPS data that relay the location of the user at a given time.

4. Your Affiant is familiar with the facts and circumstances of this investigation based upon her review of available information and information provided to your Affiant from others, including officers with the Baltimore County Police Department and officers within the

1

Harford County Police Department. Your Affiant has not included within this affidavit every fact known through the course of the investigation but has included those facts your Affiant believes are sufficient to establish probable cause that the violations set forth below have occurred and are occurring. However, I have not omitted any fact that might tend to defeat a finding of probable cause. Unless otherwise indicated, all written and oral statements referred to herein are set forth in substance and in part, rather than verbatim.

## DEVICE TO BE SEARCHED

5. This affidavit is submitted in support of an application for a search warrant, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, to search the contents of the following seized device:

> i. **Samsung Galaxy A03s; Serial No. R9WT80SVG8Z; IMEI 354327821601621 (TARGET DEVICE)**, further described in Attachment A, which was seized from Jose Cruz-Rosa ("CRUZ-Rosa") incident to his arrest on federal charges.

6. As set forth below, there is probable cause to believe that a search of the **TARGET DEVICE** may uncover the evidence, fruits, and/or instrumentalities of violations of 8 U.S.C. § 1326 (Re-Entry of Removed Alien), and 18 U.S.C. § 2250 (Failure to Register) (the "**TARGET OFFENSES**").

## INVESTIGATIVE FACTS

7. This application arises from the continuing investigation into possible immigration crimes and failure to register as a sex offender.

8. On August 10, 2021, officers with the Baltimore County Police Department were dispatched to Fuselage Avenue and Right Wing Drive, Middle River, Maryland 21220. A

2

fifteen-year-old victim was riding her bike when she was forced into a white van and sexually assaulted by CRUZ-Rosa.

9. Following this incident, CRUZ-Rosa was arrested in Baltimore County for Sex Offense Third Degree, Sex Offense Fourth Degree—Sex Contact, and Assault Second Degree charges. On January 18, 2022, CRUZ-Rosa was convicted of Third Degree Sex Offense and sentenced to 10 years in prison, with all but approximately seven months suspended, and 5 years' probation. Case No. C-03-CR-21-003493. CRUZ-Rosa was also ordered to register as a Tier II Sex Offender with the State of Maryland.

10. At the time of that conviction, CRUZ-Rosa was in the United States illegally. As a result, Immigration and Customs Enforcement determined that the subject would be taken into custody, for immigration proceedings. On April 22, 2022, at approximately 0955 hours Members of Fugitive Operations Team 2 approached Cruz-Rosa at the District Court for Baltimore County, located at 8914 Kelso Dr. Baltimore, MD 21221. CRUZ-Rosa was encountered inside the Parole and Probation office and a field interview was conducted. During the interview the subject was asked what his complete name was, and he stated, "Jose Noe Cruz Rosa." Upon positive identification, officers identified themselves as Immigration Officers and placed CRUZ-Rosa under arrest. CRUZ-Rosa was transported to the Baltimore filed office without incident.

11. On July 15, 2022, CRUZ-Rosa was deported from the United States and returned to El Salvador.

## **WARRANT AND NEW CHARGES**

12. On or about March 7, 2023, CRUZ-Rosa was identified by law enforcement officers on the scene of a work-site accident in Harford County, Maryland. He provided information about that investigation, including his own name and Maryland address. Local law enforcement at the time of the encounter were unaware that CRUZ-Rosa was unlawfully present in the United States and a convicted sex offender. Records show that on that date, CRUZ-Rosa had not registered as a sex offender in Maryland since his deportation in July 2022, but it is unclear how long CRUZ-Rosa had been in Maryland prior to March 2023.

13. On July 18, 2023, the federal grand jury returned an indictment against CRUZ-Rosa, charging him with violating 8 U.S.C. § 1326 (Illegal Re-entry) and 18 U.S.C. § 2250 (Failure to Register as a Sex Offender). *See United States v. Cruz-Rosa*, 23-cr-242 (RDB) (D. Md.). CRUZ-Rosa was arrested for this indictment on July 19, 2023. In a search incident to arrest, law enforcement seized the TARGET DEVICE from CRUZ-Rosa's right pants pocket.

14. You Affiant knows that the length of time CRUZ-Rosa has been in the United States and Maryland is relevant to the investigation of his failure to register as a sex offender. Through my training, knowledge and experience, CRUZ-Rosa has likely been using the cellular phone seized from his person when he was arrested on July 19, 2023, to communicate, send emails, travel, and browse the internet. The location data within the cellular applications CRUZ-Rosa is using will aid in establishing both when he illegally re-entered the United States and how long he was present without registering as a sex offer within Maryland.

## **CONCLUSION**

15.     Because the **TARGET DEVICE** is already in the custody of law enforcement, who will compile the requested records at convenient time, reasonable cause exists to permit the execution of the requested warrants at any time in the day or night.

16.     Based upon the information contained in this affidavit, your Affiant submits that there is probable cause to believe that the **TARGET DEVICE** has been used in connection with the **TARGET OFFENSES**. Specifically, probable cause exists to believe the **TARGET DEVICE** contain evidence, fruits, and/or instrumentalities of violations of 8 U.S.C. § 1326 (Re-Entry of Removed Alien), and 18 U.S.C. § 2250 (Failure to Register). By this affidavit and application, your Affiant requests that the Court issue search warrants authorizing the examination of the **TARGET DEVICE** described under Device to be Searched.

_____
Victoria Brown
Criminal Apprehension Program/ECP
TFO - National Security Group/Document and
Benefit Fraud Task Force
Baltimore Field Office
Enforcement and Removal Operations (ERO)
U.S. Immigration and Customs Enforcement

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) on this __27th__ day of __July_____, 2023.

_____
HONORABLE MATTHEW J. MADDOX
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MARYLAND

## ATTACHMENT A

## DEVICE TO BE SEARCHED

The item to be searched is **Samsung Galaxy A03s; Serial No. R9WT80SVG8Z; IMEI 354327821601621**, currently in the custody of HIS-Baltimore.

1

23-mj-2050-MJM

## ATTACHMENT B

## ITEMS TO BE SEIZED

All records contained in the **TARGET DEVICE** which constitute evidence of violations of 8 U.S.C. § 1326 (Re-Entry of Removed Alien), and 18 U.S.C. § 2250 (Failure to Register) as outlined below:

1. All records relating to email accounts/messages/user information containing information regarding the travel and residency of the TARGET DEVICE user.

2. Any and all records related to the location of the user(s) of the TARGET DEVICE.

3. For the TARGET DEVICE:

    a. Evidence of who used, owned, or controlled the TARGET DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. Evidence of software that would allow others to control the TARGET DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. Evidence of the lack of such malicious software;

    d. Evidence of the times the TARGET DEVICE were used;

    e. Passwords, encryption keys, and other access devices that may be necessary to access the TARGET DEVICE;

    f. Contextual information necessary to understand the evidence described in this attachment.

4. With respect to the search of the TARGET DEVICE the search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls within the items to be seized):

    a.      surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

    b.      "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

    c.      "scanning" storage areas to discover and possible recover recently deleted files;

    d.      "scanning" storage areas for deliberately hidden files; or

    e.      performing key word searches or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

5. If after performing these procedures, the directories, files or storage areas do not reveal evidence of the specified criminal activity, the further search of that particular directory, file or storage area, shall cease.

With respect to the search of the information provided pursuant to this warrant, law enforcement personnel will make reasonable efforts to use methods and procedures that will locate and expose those categories of files, documents, communications, or other electronically stored information that are identified with particularity in the warrant while minimizing the review of information not within the list of items to be seized as set forth herein, to the extent reasonably practicable. If the government identifies any seized communications that may implicate the attorney-client privilege, law enforcement personnel will discontinue its review and take appropriate steps to segregate all potentially privileged information so as to protect it from substantive review. The investigative team will take no further steps regarding any review of information so segregated absent further order of the court. The investigative team may continue to review any information not segregated as potentially privileged.